UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELMO LEE, JR., | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. 24-CV-00342 |
| VERSUS | * | |
| | * | SECTION "L" (4) |
| NEW ORLEANS PUBLIC BELT | * | |
| RAILROAD COMMISSION FOR THE | * | JURY TRIAL DEMANDED |
| PORT OF NEW ORLEANS, SUCCESSOR | * | |
| OF, AND NEW ORLEANS PUBLIC BELT | * | JUDGE ELDON E. FALLON |
| RAILROAD CORPORATION AND | * | |
| PUBLIC BELT RAILROAD | * | MAG. JUDGE KAREN WELLS ROBY |
| COMMISSION FOR THE CITY OF | * | |
| NEW ORLEANS, | * | |
| Defendants. | * | |

**ORDER & REASONS**

Pending before the Court is Defendant New Orleans Public Belt Railroad Commission for the Port of New Orleans's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Elmo Lee Jr. of Louisiana's claims against its predecessor entities, the Public Belt Railroad Commission for the City of New Orleans and the New Orleans Public Belt Railroad Corporation for failure to properly assert a claim. R. Doc. 7 at 1. In addition, Defendant argues the Public Belt Railroad Commission for the City of New Orleans has not been properly served and should be dismissed under Federal Rule of Civil Procedure 12(b)(5). *Id.* Plaintiff Elmo Lee, Jr. ("Lee") has not filed a response in opposition. Having considered the briefing and the applicable law, the Court rules as follows.

**I.    BACKGROUND**

This case arises out of injuries Lee sustained while in the scope of employment as a result of Defendants' alleged negligence and violation of federal statutes. R. Doc. 1 at 6. Lee asserts

1

claims under the Federal Employer's Liability Act, 45 U.S.C. 51, et seq. ("FELA") and the Safety Appliance Act, 49 U.S.C. 20301, *et seq.* ("SAA") arising out of a workplace incident that allegedly occurred on February 7, 2023. *Id.* at 6, 9. As of February 7, 2023, Lee's employer was (and still is) the New Orleans Public Belt Railroad Commission for the Port of New Orleans ( "NOPB"). R. Doc. 7-1 at 2.

In his complaint, Lee alleges that he, the Brakeman, and the Locomotive Engineer were switching cars in service and began to test the handbrake. R. Doc. 1 at 4-5. In order to check the handbrake, Lee grasped the grab iron of the railcar with his right hand and placed his foot into the sill step to mount the car. *Id.* at 5. As Lee pulled himself upward, he alleges the sill step swung underneath the walking platform of the rail car, with Lee's foot still in it. *Id.* Lee alleges he attempted to avoid falling by using his right arm to tightly hold the grab iron supporting nearly his entire body weight; and in the process, suffered severe injuries to his right shoulder. *Id.* Lee alleges he learned from one of his coworkers that the bolts meant to secure the subject sill step were missing from the rail car. *Id.* In response to this complaint, NOPB has filed the present Motion to Dismiss under Rule 12(b)(6) and Rule 12(b)(5). R. Doc. 7.

## II.    PRESENT MOTION

In its Motion to Dismiss, NOPB argues primarily that Lee's claims against its predecessor entities, the Public Belt Railroad Commission for the City of New Orleans (the "City Commission") and the New Orleans Public Belt Railroad Corporation (the "NOPBRC"), should be dismissed for failure to properly assert a claim. R. Doc. 7 at 1. In addition, NOPB argues the City Commission has not been properly served and should be dismissed under Federal Rule of Civil Procedure 12(b)(5). *Id.* NOPB argues that Louisiana statutory law directs that they are the only properly named defendant in Lee's FELA claim against his employer. R.Doc. 7-1 at 1. In support of this assertion, NOPB argues the City Commission and the NOPBRC are both former

iterations of the present NOPB. *Id.* at 2. NOPB notes that the City Commission has not operated a railroad, owned any property, or employed any personnel since February 1, 2018 – five years before the incident in suit. *Id.* Likewise, the NOPBRC stopped operating a railroad and was divested of its property and employees on October 1, 2020 – three years before the incident in suit. *Id.*

NOPB argues that Lee mailed his Complaint and requests for waiver of service to NOPB on March 6, 2024. *Id.* at 2. NOPB argues they promptly provided Lee with the applicable Louisiana statutes establishing that neither the City Commission nor the NOPBRC is a proper and responsible party to this litigation and informed Lee that the NOPB could not accept service on behalf of those entities. *Id.* NOPB argues they demanded that Lee voluntarily dismiss the improperly-named City Commission and the NOPBRC to avoid unnecessary motion practice, however Lee instead attempted service on all three entities on April 4, 2024 again, without amending his complaint or agreeing to dismissal. *Id.* NOPB argues that because Lee cannot assert a claim against the City Commission or the NOPBRC, those claims should be dismissed with prejudice and NOPB awarded reasonable costs incurred in filing of their motion. *Id.*

## III.    APPLICABLE LAW & DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the

complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Here, the Court need not address the sufficiency of service because it must dismiss Lee's claims against the City Commission and the NOPBRC for failure to state a claim. As recounted by NOPB in its motion and supporting exhibits, the City Commission transferred all responsibilities for the management and oversight of the railroads to the NOPBRC in 2018, several years before Lee's injury. R. Doc. 7-1 at 5; R. Doc. 7-4. Then, several years later in 2020, the Louisiana legislature created NOPB and transferred the NOPBRC's properties rights and assets to this newly created entity. R. Doc. 7-1 at 5-6; R. Doc. 7-5. Therefore, at the time of Lee's injury, the City Commission and the NOPBRC no longer could be considered common carrier railroad employers under FELA and these entities must be dismissed as defendants.

For the foregoing reasons, NOPB's Motion to Dismiss, R. Doc. 7, is GRANTED.

New Orleans, Louisiana, this 30th day of May, 2024.

_____
United States District Judge