UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELMO LEE, JR.** | * | CIVIL ACTION NO. 24-342 |
| **VERSUS** | * | JUDGE ELDON E. FALLON |
| **NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION FOR THE PORT OF NEW ORLEANS, SUCCESSOR OF, AND NEW ORLEANS PUBLIC BELT RAILROAD CORPORATION AND PUBLIC BELT RAILROAD COMMISSION FOR THE CITY OF NEW ORLEANS** | * * * * | MAGISTRATE JUDGE KAREN WELLS ROBY |

\* \* \* \* \* \* \*

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to the Court's inherent authority based on the alleged perjury of Plaintiff, Elmo Lee, Jr. ("Lee"), filed by Defendant New Orleans Public Belt Railroad Commission for the Port of New Orleans ("NOPB"). R. Doc. 56. Lee opposed the motion. R. Doc. 58. NOPB filed a reply. R. Doc. 60. Considering the record, briefing, and applicable law, the Court now rules as follows.

### I. BACKGROUND

This case arises out of personal injuries allegedly sustained by Lee while he was in the course and scope of performing his job as a conductor with NOPB. R. Doc. 1. In his Complaint, Lee asserts that on February 7, 2023, he "suffered severe injuries to his right shoulder" when he attempted to step on a tank car's sill step. *Id.* at 5. Before making this step, he alleges he "grasped the grab iron of the railcar with his right hand and placed his foot into the sill step." *Id.* Then, when he pushed into the step, it "violently swung underneath the walking platform of the rail car, with Plaintiff's foot still on it." *Id.* Lee brought claims against his employer under the Federal Employer's Liability Act ("FELA") and

1

the Safety Appliance Act ("SAA"), alleging that NOPB's negligence and/or violations of the SAA caused him to sustain these right shoulder injuries. *Id.* at 10–11.

A pre-trial conference was held in this matter on June 6, 2025. R. Doc. 45. Five days later, the Court held a telephone status conference at the request of the parties, and on June 16, 2025, the Court continued the trial without date. R. Doc. 50. The second pre-trial conference will commence on November 19, 2025, and trial is set for December 1, 2025. R. Doc. 51.

## II. PRESENT MOTION

NOPB now asks this Court to exercise its inherent authority to dismiss this matter with prejudice instead of allowing it to move forward to trial. R. Doc. 56. NOPB bases its request upon evidence that it represents as exhibitory that Plaintiff engaged in contumacious conduct—namely, perjury and concealment of information that strikes at the heart of this case—severe enough to warrant dismissal. R. Doc. 56-1 at 7–8. NOPB avers that after the June pre-trial conference, it uncovered evidence that Plaintiff injured his right shoulder in a September 2021 car accident—the same shoulder he claims to have injured in the unwitnessed accident that forms the basis of this suit. *Id.* at 2–5. NOPB presses that Plaintiff committed perjury by (1) knowingly providing false and incomplete answers to interrogatories by not mentioning the 2021 car accident or resulting medical treatment, (2) lying under oath in his deposition by discussing the 2021 car accident but answering "no" when asked if he was injured or received medical treatment relative to the injuries sustained in the accident, and (3) failing to correct his false deposition testimony despite being given an opportunity to do so. *Id.* at 8–20. The foregoing, NOPB contends, is the kind of conduct that threatens the integrity of the judicial system, and the only appropriate sanction would be dismissal with prejudice. *Id.* at 21–25.

Plaintiff opposes the motion. R. Doc. 58. He construes his alleged perjury as accidental, as opposed to willful and purposeful. *Id.* Lee avers that he "candidly answered, to the best he could recall,

2

Defendant's Interrogatories seeking information about medical treatment and claims for bodily injury damages other than those arising out" of the accident that forms the basis of this suit. *Id.* at 9. During the deposition, he not only discussed the 2021 car accident, but he provided NOPB with the name of his liability insurer—to Lee, this demonstrates that any alleged concealment was not purposeful. *Id.* at 9–11. Lee also maintains that his "discomfort and nervousness [about] testifying in his first deposition certainly abrogate[s] any suggestion that he intentionally misrepresented anything." *Id.* at 11. Because dismissal with prejudice is an extreme remedy, Plaintiff asks this Court to allow him to proceed to trial, where "NOPB . . . [can] cross examine Plaintiff about his inconsistent statements . . . [and] the jury [can] determine whether and to what extent Lee had 'willful intent' to 'provide false testimony.'" *Id.* at 13.

NOPB replied, largely reiterating its initial arguments. R. Doc. 60. It takes the position that Lee's proffered explanations for his conduct lacks credence, that he should have reviewed his own medical history to ensure his discovery responses were as complete as possible, and that "[n]ervousness is not an excuse for perjury." *Id.* at 1–3.

### III. LEGAL STANDARD

"[D]ismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995)). "Because of the severity of dismissal with prejudice, [the Fifth Circuit] ha[s] determined that ordinarily such action will be affirmed only (1) upon a showing of a clear record of delay *or* contumacious conduct by the plaintiff and (2) when lesser sanctions would not serve the best interests of justice." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985) (internal quotations omitted); *see also Brown*, 664 F.3d at 77 (applying this rule). A plaintiff's conduct will be considered

3

contumacious if it shows a "'stubborn resistance to authority'" rather than "'a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating." *Brown*, 664 F.3d at 77 (quoting *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988)).

If a court finds that plaintiff engaged in contumacious conduct, it must also find that lesser sanctions would not serve the best interests of justice before deciding to dismiss the matter with prejudice. *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 702 (5th Cir. 2023). "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020). Importantly, "dismissal with prejudice [is] a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney." *Brown*, 664 F.3d at 77.

## IV. DISCUSSION

NOPB asks this Court to exercise its discretionary power to dismiss Plaintiff's suit with prejudice because of his alleged contumacious conduct of concealing a prior right shoulder injury. R. Doc. 56. For the following reasons, the Court declines to exercise its inherent authority to dismiss this case with prejudice and will instead allow a jury to make credibility determinations as to the veracity of Plaintiff's proffered reasons for failing to fully disclose the September 2021 car accident during the course of discovery.

### A. Clear Delay or Contumacious Conduct

The Fifth Circuit will affirm a dismissal with prejudice pursuant to the Court's inherent power when the Court shows evidence of a clear history of delay or contumacious conduct by the plaintiff. *Sturgeon*, 778 F.2d at 1159. There is no history of delay here. This Court thus evaluates whether Plaintiff engaged in contumacious conduct so severe as to rise to the level of warranting a dismissal

with prejudice. The Court finds that the jury is in the best position to evaluate the sufficiency of Plaintiff's proffered reasons for misremembering and/or failing to remember the existence of and facts and circumstances surrounding the 2021 car accident. The Court declines the invitation to categorize Plaintiff's conduct as contumacious and take this crucial credibility determination away from the jury.

NOPB has certainly submitted evidence that Plaintiff was in a car accident in 2021 that caused injuries to his right shoulder. *E.g.*, R. Docs. 56-4, 56-5, 56-6. NOPB has also directed the Court to Plaintiff's interrogatory answers and deposition testimony wherein he either does not mention, or mentions without explaining the full extent of, his 2021 car accident. *E.g.*, R. Doc. 56-14, 56-15. But what is missing from the record before this Court is evidence that Plaintiff willfully and maliciously withheld information about the 2021 car accident in order to deceive the Court and further his pecuniary interests.

The Fifth Circuit's opinion in *Brown v. Oil States Skagit Smatco* is exemplary of the kind of behavior and statements that can be taken at face value by a district judge as clearly contumacious. 664 F.3d 71 (5th Cir. 2011). In that case, the plaintiff had filed two lawsuits against his employer: one personal injury suit, and one Title VII suit. *Id.* at 73–74. The Fifth Circuit explained that "[i]n his personal injury lawsuit, [plaintiff] testified under oath that he left his job . . . *solely* because of his back pain related to an accident." *Id.* at 78. It went on: "In the instant Title VII lawsuit, [plaintiff] testified under oath that he quit his job . . . *solely* because of racial harassment and life-threatening activity related to the harassment." *Id.* Moreover, there was evidence that the plaintiff failed to mention racial harassment in his personal injury claim and similarly failed to mention his personal injury in his Title VII claim. *Id.*

The Fifth Circuit found that the district court did not abuse its discretion in dismissing the suit with prejudice because the plaintiff "deceitfully provided conflicting testimony in order to further his own pecuniary interests in the two lawsuits and, in doing so, undermined the integrity of the judicial process." *Id.* Lee's conduct here is not so clearly purposeful. NOPB represented in its motion, and Plaintiff does not dispute, that he disclosed his 2021 car accident for the first time during his deposition. R. Doc. 56-1 at 17; 58 at 9. The fact that he disclosed the accident's existence *at all* distinguishes Lee's conduct from the purposeful, demonstrable omission of certain facts in the *Brown* plaintiff's two depositions.

Moreover, that Lee provided NOPB with other truthful information, such as disclosing his liability insurer, weighs against a finding that Plaintiff maliciously withheld information. By providing NOPB with his car insurance provider, he opened the door for NOPB to obtain its records, including the medical records relative to the 2021 car accident and other documentation that could have exhibited his prior right shoulder injury. Plaintiff also provided the name of his attorney, detailed that his insurer paid him for property damage, acknowledged the existence of a police report, and explained that Plaintiff had to recover from his uninsured motorist coverage because the other driver was uninsured. *See* R. Doc. 56-15 at 6–8; 56-3.

During his deposition, Plaintiff did answer "no" to each question of whether he saw any doctors after that incident and whether he was "hurt" as a result of the 2021 car accident. R. Doc. 56-15 at 6–8. But Plaintiff shed light on factors that could have contributed to his misremembering during a July 2, 2025, hearing at New Orleans Public Belt. When asked about his memories of the treatment he received post-2021 accident, Plaintiff explained that "[w]hat I'm saying to you all is that I did not feel one ounce of pain after I did this. I went to a Chiropractor. . . . I did go and I was fine, I didn't miss a beat at work." R. Doc. 56-9 at 11–12. Moreover, Plaintiff described

remembering hearing that the post-accident MRI results "sa[id] that rotator is normal, sir, [and] I went directly off of that because like I said, I didn't feel any pain." *Id.* at 10. The foregoing testimony does not contain the sort of pointed, purposeful, malicious omission of detail that was exhibited by the plaintiff in *Brown*. Instead, the foregoing creates a fact question for the jury as to whether it is credible that Lee perceived his past in this way and failed to remember, or recall details pertinent to, the 2021 car accident.

NOPB failed to demonstrate that Plaintiff made willful misstatements and omissions that demonstrate a "stubborn resistance to authority," constituting contumacious conduct and warranting this Court's evaluation of whether to dismiss this case with prejudice or impose lesser sanctions. *Brown*, 664 F.3d at 77. Instead, NOPB submitted evidence of Plaintiff's negligence, and however "careless, inconsiderate, or understandably exasperating" Lee may have been, on the record here, the Court cannot conclude that Lee's conduct warrants the exercise of the extreme sanction of a dismissal with prejudice. The jury can weigh Lee's credibility at trial.

## V. CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that the motion to dismiss filed by the New Orleans Public Belt Railroad Commission for the Port of New Orleans, R. Doc. 56, is **DENIED**.

New Orleans, Louisiana, this 7th day of November, 2025.

_____
THE HONORABLE ELDON E. FALLON